# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF NEBRASKA

| | |
|---|---|
| LEGAL AID OF NEBRASKA, INC., | CASE NO. 4:19-cv-3103-CRZ |
| Plaintiff, | |
| v. | |
| CHAINA WHOLESALE, INC., d/b/a DELUXE IMPORT and AMAZON.COM, INC., | |
| Defendants. | |

**DEFENDANT AMAZON.COM, INC.'S BRIEF IN SUPPORT
OF MOTION TO DISMISS UNDER RULE 12(b)(6)**

## TABLE OF CONTENTS

     **Page**

I.    INTRODUCTION ................................................................................................................ 1
II.   PLAINTIFF'S ALLEGATIONS ......................................................................................... 2
III.  LEGAL STANDARD ......................................................................................................... 3
IV.  ARGUMENT ....................................................................................................................... 4
     A.    Plaintiff pleads no facts supporting breach of any duty by Amazon ...................... 4
     B.    Plaintiff alleges no facts supporting breach of any duty to warn........................... 7
     C.    Plaintiff does not allege key elements of its warranty claims................................ 8
V.   CONCLUSION.................................................................................................................... 9

I.  INTRODUCTION

Plaintiff Legal Aid of Nebraska blames Amazon for a space heater that it claims caught fire and damaged its office. Plaintiff alleges that an unknown entity manufactured the heater and co-defendant Chaina sold it. Its claims against Amazon rest on Amazon's alleged role in facilitating the sale. Plaintiff claims that Amazon is liable for negligence, failure to warn, and breach of warranty but nowhere alleges that Amazon owned, possessed, or inspected the product or offered a warranty. It does not plead these facts because it undoubtedly knows the product was sold by a third-party seller and shipped directly from that seller to Legal Aid without Amazon touching it.

Plaintiff does not have to prove its case at the pleading stage, but it does have to plead facts that, if true, would "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff pleads a design defect, but a defect supports only a strict liability claim which can only be asserted against the actual manufacturer. It also alleges, in conclusory fashion, that Amazon knew or should have known of a defect based on unidentified customer reviews and media reports. The Complaint offers no details. The content, date, and manner of communication of hazard information are crucial for establishing the knowledge necessary to support breach of any duty. The dates are especially important. Even if Nebraska law imposed a duty with respect to products made and sold by others—a dubious proposition not at issue here but that Amazon will raise on summary judgment if the case moves forward—any duty exists only at the time of sale.

Plaintiff's Complaint is the classic "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," that "do not suffice" to state a claim. *Iqbal*, 556 U.S. at 678. Where, as here, "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal punctuation omitted). Accordingly, Plaintiff has failed to state a claim upon which relief may be granted and dismissal of Plaintiff's claims against Amazon is warranted.

## II. PLAINTIFF'S ALLEGATIONS

Although Amazon disputes many of Plaintiff's allegations, it acknowledges that well-pleaded factual allegations are taken as true on a motion to dismiss. *See*, *e.g.*, *Murphy v. Lancaster*, 960 F.2d 746, 748 (8th Cir. 1992).

Plaintiff Legal Aid of Nebraska leased space in an Omaha building. (ECF No. 1 ¶ 4.) In September 2016, it bought a space heater manufactured by "a Chinese company" and "distributed and sold by Chaina [Wholesale, Inc. d/b/a Deluxe Import] through Amazon.com." (ECF No. 1 ¶¶ 5, 7, 12-13.) Plaintiff alleges that the heater caught fire in its office about a year and a half later, causing $783,000 in damage. (ECF No. 1 ¶¶ 14-16.)

Plaintiff did not sue the manufacturer, which it alleges is "a Chinese company not subject to service in the state of Nebraska." (ECF No. 1 ¶ 12.) Plaintiff instead sued Chaina Wholesale, Inc. and Amazon, asserting the same five claims against both: negligence, failure to warn, breach of express warranty, breach of the implied warranty of merchantability, and breach of the implied warranty of fitness. (ECF No. 1 ¶¶ 17-29.)

Plaintiff alleges that Chaina is "in the business of distributing and/or selling DLux Infrared Quartz Space Heaters" and "distributed and sold" the space heater "through Amazon.com." (ECF No. 1 ¶¶ 5, 13.) It alleges that Amazon played a role in the sale in the following ways:

- Amazon "receiv[ed] a promise of indemnification and vendor fees from Chaina in exchange for its distribution of the DLux Infrared Quartz Space Heater," with "Amazon specifically setting such fees to allow China-based manufacturers and importers to sell goods in the US." (ECF No. 1 ¶ 8.)
- Amazon, "as part of its agreement with Chiana, required Chaina's products for sale to be registered and Amazon reserved the right to refuse to sell any such products."[1] (ECF No. 1 ¶ 9.) Plaintiff does not elaborate on what "registered" means.
- "Amazon implicitly represented that the DLux Infrared Quartz Space Heater was safe by listing it for sale on its website where thousands of other products were sold—

---

[1] The Complaint spells "Chaina" as "Chiana" in various places but it is apparent they are the same entity.

2

- including Amazon's own products and upon information and belief providing a process for returns." (ECF No. 1 ¶ 10.)
- The space heater arrived "at Legal Aid's place of business in a box bearing the Amazon logo." (ECF No. 1 ¶ 11.)

Notably, Plaintiff does not allege that Amazon promoted the product. Instead, Plaintiff alleges, without specifying who promoted it, that Legal Aid bought the space heater "sold by Chaina through Amazon.com based upon the promotion of the product on Amazon's website." (ECF No. 7.)

There is some ambiguity whether Plaintiff intends to claim that Amazon is a seller. The factual allegations state that Chaina sold the product and claim that Amazon played a role in the sale without alleging that Amazon was a seller. But in the negligence and failure-to-warn counts, Plaintiff alleges that "Chiana distributed and sold the DLux Infrared Quartz Space Heater and Amazon promoted, sold, and distributed the Space Heater in a defective condition …" and that "Chiana's and Amazon's conduct in selling and/or distributing such heater was unreasonable …." (ECF No 1. ¶¶ 19, 22, 24.) Whatever Plaintiff's intentions in this regard, it does not allege that Amazon did anything a seller traditionally does, such as source the product from someone higher in the chain, own the product, set the price, and transfer title to a buyer. Plaintiff does not even allege that Amazon ever possessed the product (and in fact Amazon never possessed it, as Chaina was a third-party seller that sold and shipped the space heater directly to Legal Aid).

### III. LEGAL STANDARD

Rule 8 requires the Plaintiff to show, in the complaint, that it is "entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this rule does not require "detailed factual allegations," the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Iqbal*, 556 U.S. at 678. A complaint states a facially plausible claim for

3

relief "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 679.  By contrast, a complaint does not state a facially plausible claim for relief if it shows only "a sheer possibility that the defendant acted unlawfully." *Id.*  "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

This pleading requirement serves important fairness and efficiency concerns.  As the Supreme Court recognized, groundless claims waste time and improperly pressure defendants to settle. *Twombly*, 550 U.S. at 557-59.  Motions to dismiss are an important tool to prevent this abuse.  When "the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558 (internal punctuation omitted).  As the Supreme Court observed, advancing weak claims for weeding out in discovery has proved inadequate. *Id.* at 559.  Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-78.

## IV.   ARGUMENT

Plaintiff's allegations do not establish a plausible claim for relief on any of its claims against Amazon.

### A.   **Plaintiff pleads no facts supporting breach of any duty by Amazon.**

Plaintiff alleges in the negligence count that "Chaina and Amazon had a duty to exercise reasonable care in the selling and/or distribution of the space heater …." (ECF No. 1 ¶ 19.)  This motion does not involve the question whether Amazon is a seller or has any duties that flow from seller status.  The great weight of authority holds that Amazon is not a seller of products sold by third-party sellers and has no such duties, but that question is better addressed on summary judgment because it involves material outside the Complaint. *See*, *e.g.*, *Fox v. Amazon.com, Inc.*, 930 F.3d 415 (6th Cir. 2019) (Amazon not liable as seller of product sold by third-party seller)*;*

4

*Erie Ins. Co. v. Amazon.com, Inc.*, 925 F.3d 135 (4th Cir. 2019); *Stiner v. Amazon.com, Inc.*, 2019 Ohio 586, ¶ 33 (Ohio Ct. App. 2019) (A "review of case law from other jurisdictions shows a disinclination to hold Amazon liable as a seller, distributor, or supplier of the products offered for sale on the Amazon Site by third-party sellers."), *review accepted* August 23, 2019.

This motion addresses Plaintiff's failure to allege any facts that support the breach element of its negligence claim. Plaintiff cannot establish negligence by simply alleging, as it does in paragraph 19, that "Amazon promoted, sold, and distributed the Space Heater in a defective condition …." (ECF No. 1 ¶ 19.) Selling a product in a defective condition is a strict liability claim, which Nebraska law limits to the actual manufacturer—here, an unknown entity in China. *See* Neb. Rev. Stat. § 25-21,181 ("No product liability action based on the doctrine of strict liability in tort shall be commenced or maintained against any seller or lessor of a product which is alleged to contain or possess a defective condition unreasonably dangerous to the buyer, user, or consumer unless the seller or lessor is also the manufacturer of the product or the part thereof claimed to be defective."); *see also Kudlacek v. Fiat S.p.A.*, 509 N.W.2d 603, 617 (Neb. 1994) (non-manufacturer entitled to judgment on strict liability claim).

Plaintiff goes on to allege that "Chaina and Amazon knew or should have known of the dangerous quality and combustion risk propensities of the DLux Infrared Quartz Space Heater given the above design flaws and, upon information and belief, consumer complaints and media reports." (ECF No. 1 ¶ 21.) The referenced "design flaws" are described two paragraphs earlier: "the heater's quartz element would cause the nearby housing to melt and combust in the area around the reflector and front gate and the heater lacked any temperature or thermal safety device to prevent resulting combustion." (ECF No. 1 ¶ 19.) According to Plaintiff, these alleged design flaws and unidentified customer reviews and media reports establish that "Chiana's and Amazon's conduct in selling and/or distributing such heater was unreasonable." (ECF No. 1 ¶ 22.)

These allegations, though they go beyond strict liability, cannot support breach of any duty by Amazon. Plaintiff alleges no facts establishing that Amazon knew or should have known about any design flaw. If the absence of a "temperature or thermal safety device" is a defect, that defect

5

is latent. Nothing in the Complaint indicates that any flaw would be apparent to Amazon, particularly where Plaintiff nowhere alleges that Amazon possessed the product. Plaintiff does not explain how such a defect would be knowable absent some kind of expert inspection. Not even an actual seller—which Amazon was not—has a duty to inspect products for latent defects absent "good cause to believe that an inspection should be made." *Darnell v. Panhandle Co-op. Ass'n*, 120 N.W.2d 278, 283-84 (Neb. 1963) (cited in *Tamayo v. CGS Tires US, Inc.*, 2012 WL 2129353, at *5 (D. Neb. June 12, 2012)). A supplier "has a right to rely upon the inspection and tests performed by the manufacturer." *Erickson v. Monarch Indus., Inc.*, 347 N.W.2d 99, 108 (1984). Plaintiff alleges no facts supporting "good cause" to inspect the product. *See Darnell*, 120 N.W.2d at 284; *Erickson*, 738 N.W.2d at 460.

Plaintiff's reference "upon information and belief" to unidentified "consumer complaints and media reports" does not supply the missing knowledge or good cause. Plaintiff does not identify a single media report or consumer complaint that would have notified Amazon of the allegedly dangerous condition of the space heater. Plaintiff also does not identify the dates any complaints were made, or when they were allegedly received by Amazon. That information is crucial because Nebraska law "favors limiting the state's products liability law to actions or omissions which occur at the time of manufacture or sale." *Anderson v. Nissan Motor Co.*, 139 F.3d 599, 602 (8th Cir. 1998). Post-sale knowledge, actions, or omissions are irrelevant.

Plaintiff does not allege how any defect was known or knowable at the time of sale and therefore cannot support the breach element of its negligence claim. It provides only a "conclusory allegation[ ] not based in any specific fact." *Jones*, 2013 WL 1193740, at *3; *see also Shelter Ins.*, 2014 WL 4494382, at *3; *Thompson*, 2017 WL 2271729, at *2. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft*, 556 U.S. at 678 (internal quotation marks omitted). In light of the foregoing, Plaintiff's purported negligence claim alleged against Amazon fails to state a claim upon which relief can be granted.

6

**B.      Plaintiff alleges no facts supporting breach of any duty to warn.**

To support a negligent-failure-to-warn claim, Plaintiff must show that the defendant "knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied" at the time of sale. *Erickson v. U–Haul Int'l, Inc.*, 738 N.W.2d 453, 460 (Neb. 2007) (citing Restatement (Second) of Torts § 388 (1965)); *see also Anderson v. Nissan Motor Co.*, 139 F.3d 599, 602 (8th Cir. 1998) (Nebraska products-liability law limited to actions or omissions "at the time of … sale").

Plaintiff alleges no facts showing that Amazon knew or should have known of a defect at the time of sale.  It alleges only that Amazon "inadequately failed to provide Legal Aid with reasonable warnings of defects and/or fire hazards associated with the use of the heater."  (ECF No. 1 ¶ 25.)  Basing failure-to-warn on defect alone is a strict liability claim that can only be asserted against the actual manufacturer.  Neb. Rev. Stat. § 25-21,181.

Plaintiff's bare allegations elsewhere in the Complaint about unknown and undated customer reviews and media reports cannot support the warning claim for the same reason they cannot support the negligence claim—they do not raise a plausibility of knowledge of defect.  Where the complaint alleges that a seller knew of a defect and failed to warn but does "not specifically allege how that knowledge was made known to" the seller, those statements are "conclusory allegations not based in any specific fact" and are "insufficient to state a claim." *Jones v. Polaris Indus.*, 2013 WL 1193740, at *3 (N.D. Miss., Mar. 22, 2013); *see also Shelter Ins. Cos. v. Big Lots Stores Inc.*, 2014 WL 4494382, at *3 (N.D. Ind. Sept. 10, 2014) (granting summary judgment on warnings claim because there was no evidence the seller "knew or should have known that these differences [between the product and an exemplar] existed or that they presented any risks not covered by the owner's manual"); *Thompson v. Apple, Inc.*, 2017 WL 2271729, at *2 (S.D. Miss. May 24, 2017) ("a general allegation that ATT [the seller] failed to warn of the dangers it knew about cannot be equated with a factual allegation that ATT had actual or constructive knowledge of the dangers that caused Thompson injury").  Consequently, Plaintiff's allegations of failure to warn against Amazon fail to state a claim upon which relief can be granted.

**C.  Plaintiff does not allege key elements of its warranty claims.**

Plaintiff's warranty count lumps together express warranty and breach of the implied warranties of merchantability and fitness. (ECF No. 1 ¶ 27.) The sum total of its factual allegations on the existence of warranties is in paragraph 27, where it states: "Chaina and Amazon expressly or impliedly warranted the fitness and merchantability of the DLux Infrared Quarts Space Heater described herein." This boilerplate allegation cannot support Plaintiff's warranty claims.

*Express Warranty.*  The most basic element of an express warranty claim is an express warranty issued by the alleged warrantor. Plaintiff identifies no express warranty, much less one provided by Amazon rather than the manufacturer or seller. *Freeman v. Hoffman-La Roche, Inc.*, 618 N.W.2d 827, 844 (Neb. 2000) (buyer did not allege "any factual basis" for the express warranty claim or that "any such warranty was the basis of a bargain" between manufacturer and buyer). Accordingly, any claim for express warranty against Amazon fails as a matter of law.

*Implied Warranty of Merchantability.*  A "warranty that goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." *Laird v. Scribner Coop, Inc.*, 466 N.W.2d 798, 804 (Neb. 1991); *see also* Neb. Stat. UCC § 2-314; *id.* § 2-104(1). The elements of an implied-warranty-of-merchantability claim include "that the defendant sold the product" and "was a 'merchant' with respect to products of that kind at the time of the sale." *Tamayo*, 2012 WL 2129353, at *7; *see also Delgado v. Inryco, Inc.*, 433 N.W.2d 179, 184 (Neb. 1988).

Plaintiff alleges no facts showing that Amazon was a merchant or the seller of the heater. It does not even allege in conclusory terms that Amazon was a "merchant" of this product. According to the Complaint, the merchant and seller were *Chaina*, because Chaina is a "corporation engaged … in the business of distributing and/or selling DLux Infrared Quartz Space Heaters" and "sold" the heater "through Amazon.com." (ECF No. 1 ¶¶ 5, 7.) Amazon, by contrast, "list[ed] [the space heater] for sale on its website where thousands of other products were sold." (ECF No. 1 ¶ 10.) But, as one court held in applying the identical UCC provision in Maryland, "Amazon's role as the 'platform' for the third-party sales does not qualify it as a merchant or a

8

seller under Maryland's UCC." *McDonald v. LG Elec. USA, Inc.*, 219 F. Supp. 3d 533, 542 (D. Md. 2016) (dismissing implied warranty claims against Amazon). Therefore, Plaintiff's Complaint fails to state a claim against Amazon for breach of implied warranty of merchantability upon which relief may be granted.

*Implied Warranty of Fitness.* Plaintiff does not allege any elements of this claim, which are: "(1) the seller had reason to know of the buyer's particular purpose in buying the goods, (2) the seller had reason to know that the buyer was relying on the seller's skill or judgment to furnish appropriate goods, and (3) the buyer, in fact, relied upon the seller's skill or judgment." *Stones*, 558 N.W.2d at 547 (citation omitted); Neb. Rev. St. U.C.C. § 2-315.

A "particular purpose differs from the ordinary purpose for which the goods are used" and is "a specific use by the buyer which is peculiar to the nature of his or her business." *Id.* (quoting Neb. Rev. Stat. § 2–315, cmt. 2; internal quotation marks omitted). The "ordinary purpose" is the "use[ ] … customarily made of the goods in question." *Id.* (quoting Neb. Rev. Stat. § 2–315, cmt. 2). Claims about a product's ordinary purpose sound in merchantability, not fitness for a particular purpose. *Id.*; *Tamayo*, 2012 WL 2129353, at *9.

Plaintiff does not allege that it had, much less communicated to Amazon, a "particular purpose" for the space heater. The Complaint indicates that the Plaintiff used the space heater for its ordinary purpose. (*See, e.g.*, ECF No. 1 ¶ 19 ("under *normal circumstances* the heater's quartz element would cause the nearby housing to melt" (emphasis added)); ¶ 20 (Plaintiff referring to itself as an "ordinary user consumer").) A product's fitness for its ordinary purpose is irrelevant to its fitness for a particular purpose. *See Stones*, 558 N.W.2d at 547; *Tamayo*, 2012 WL 2129353, at *9. Given Plaintiff's failure to even allege the boilerplate elements of a breach of an implied warranty for a particular purpose claim, much less facts to support such a claim, it is apparent that Plaintiff's third claim fails to state a claim upon which relief can be granted. Thus, dismissal of Plaintiff's third claim is warranted.

## V. CONCLUSION

Plaintiff's barebones Complaint does not allege any facts showing that Amazon was negligent or breached any warranties. As such, dismissal of all claims alleged against Amazon is appropriate.

Dated November 6, 2019.  AMAZON.COM, INC., Defendant

By: *s/J. Daniel Weidner*

J. Daniel Weidner, #23738
John V. Matson, ##25278
KOLEY JESSEN P.C., L.L.O.
One Pacific Place, Suite 800
1125 South 103rd Street
Omaha, NE 68124-1079
(402) 390-9500; (402) 390-9005 (facsimile)
Daniel.Weidner@koleyjessen.com
John.Matson@koleyjessen.com
*Attorneys for Defendant Amazon.com, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 6th day of November, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which sent notification of such filing to all CM/ECF participants.

*s/J. Daniel Weidner*
J. Daniel Weidner