IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

_____

| | | |
|---|---|---|
| Legal Aid of Nebraska, Inc. | ) | Case No. 4:19-cv-03103-CRZ |
| | ) | Judge Cheryl R. Zwart |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Chaina Wholesale, Inc., d/b/a | ) | |
| Deluxe Import and | ) | |
| Amazon.com, Inc. | ) | |
| Defendants. | ) | |

**PLAINTIFF LEGAL AID OF NEBRASKA, INC.'S BRIEF IN OPPOSITION TO DEFENDANT AMAZON.COM INC'S MOTION TO DISMISS UNDER RULE 12(b)(6)**

1

**TABLE OF CONTENTS**

I.      INTRODUCTION……………………………………………………

II.     DOCUMENTS RELIED UPON …………………………………………….

III.    PLAINTIFF'S ALLEGATIONS……………………………………...

IV.    LEGAL STANDARD…………………………………………………...

V.     ARGUMENT……………………………………………………………

     (1)   Plaintiff pled sufficient facts to support a claim of breach of duty by Amazon……………………………………

     (2)   Plaintiff pled sufficient facts to support a claim of breach of duty to warn by Amazon……………………………..

     (3)   Plaintiff pled facts sufficient to support a claim of breach of warranty by Amazon………………………………

VI.   CONCLUSION …………………………………………………………

# **INTRODUCTION**

Plaintiff Legal Aid of Nebraska, Inc.'s ("Legal Aid") alleges that a DLux portable heater ("heater") sold by Defendants was defective and caused a fire resulting in property damage. Defendant Amazon.com Inc. ("Amazon") seeks to dismiss such action for three reasons:

> (1) Legal Aid has failed to plead sufficient facts to state a claim of breach of duty because the allegation that Amazon knew or should have known that the heater was a combustion risk due to customer complaints and media reports lacks sufficient detail. Legal Aid disagrees, but provides herewith a copy of the consumer complaints and if ordered by the Court will submit an Amended Complaint with additional detail.
>
> (2) Legal Aid has failed to plead sufficient facts to state a claim of breach of duty to warn because again Legal Aid failed to allege details regarding consumer complaints that the heater was a combustion risk. Legal Aid responds that the Complaint also alleged that Amazon stated that the heater had "overheat protection" and a "plastic housing which stays room temperature to the touch" and that these statements were in fact incorrect and no related warning given.
>
> (3) Legal Aid has failed to plead sufficient facts to support warranty claims because Legal Aid did not refer to Amazon as a seller nor were express warranty or a particular purpose alleged. Legal Aid disagrees. Legal Aid repeatedly alleged Amazon was a seller and Legal Aid alleged that the heater had a particular purpose of safety related to Amazon's specific warranty that the heater had "overheat protection" and a "plastic housing which stays room temperature to the touch."

For these reasons and as more fully set forth below, Amazon's motion must be denied.

## DOCUMENTS RELIED UPON

1. Exhibit 1 – Amazon DLux Heater Customer Review Web Pages

2. Affidavit of Paralegal M. Brewer with attached Ex. 1

(Legal Aid also relies upon documents which are already part of the ECF record as identified below.)

## STATEMENT OF FACT

In its Complaint, Legal Aid alleged:

13. That the DLux Infrared Quarts Space Heater distributed and sold by Chaina through Amazon.com did not meet minimum design requirements that would allow the heater to operate safely. *Despite the Amazon website stating that the DLux Infrared Quarts Space Heater had "overheat protection" and a "plastic housing which stays room temperature to the touch," these statements were incorrect.* Lab testing found that the DLux Infrared Quarts Space Heater had no overheat protection and its plastic housing did not remain at room temperature during the Space Heater's operation. Specifically, it was found that the Space Heater's enclosure construction was not adequate, the Space Heater reached temperatures which damaged the materials of the Space Heater, and it contained no temperature limiting controls such as a thermal cut-out or a high limit thermostat in the heater circuit. Additionally, no warnings were present on the Space Heater housing or line cord or anywhere on the Amazon website or anywhere else, regarding the Space Heater's operation and attendant risks.
\*\*\*\*

19. Chaina distributed and sold the DLux Infrared Quartz Space Heater and Amazon promoted, sold, and distributed the Space Heater in a defective condition unreasonably dangerous to the consumer and Legal Aid, because the heater was defectively designed such that under normal circumstances *the heater's quartz element would cause the nearby housing to melt and combust in the area around the reflector and front gate and the heater lacked any temperature or thermal safety device to prevent resulting combustion*. The heater was expected to and did reach the ultimate consumer without substantial change in the condition in which it was sold.
\*\*\*\*

21. Chaina and Amazon knew or should have known of the dangerous quality and combustion risk propensities of the DLux Infrared Quartz Space Heater given the above design flaws and, upon information and belief, consumer complaints and media reports.

[ECF 1, ¶¶ 13, 19, 21 Emphasis Added]

The alleged consumer complaints were found on Amazon's website page for the DLux heater and included a complaint which Amazon represented it "verified" from 2015 (the year before the subject heater was purchased) warning that the heater was a fire risk:

> **These are Dangerous. They are Melting and so far…**
> By James Morris on December 31, 2015
> Verified Purchase
> These are Dangerous. They are Melting and so far 5 out of the 10 I purchased are unusable after 2 weeks. PLease Discontinue use if you have one of these. I would not want to see anyone lose their life. These are not UL listed and are unsafe.

[Ex. 1]

## STANDARD

The only pleading requirement for a civil complaint is "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). "Under the Federal Rules, it is not necessary to plead every fact with formalistic particularity." *BJC Health Sys. v. Columbia Cas. Co.*, 348 F.3d 685, 688 (8th Cir.2003). The question for the court is whether the complaint puts the adverse party on notice as to the substance of the claim. *See id*.

Thus, in considering Amazon's a motion for dismissal pursuant to Fed R. Civ. P. 12(b)(6), this court must liberally construe Legal Aid's complaint in the light most

favorable to Legal Aid and *must assume that all the facts alleged in the complaint are true*. *Schmedding v. Tnemec Co., Inc*., 187 F.3d 862, 864 (8th Cir.1999)[Emphasis Added] A Rule 12(b)(6) motion to dismiss a complaint should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him to relief. *Id.* "*Nor should a complaint be dismissed merely because it does not state with precision all elements that give rise to a legal basis for recovery*. Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Id.* (citations omitted)[Emphasis Added]

## ARGUMENT

### (1) Plaintiff pled sufficient facts to support a claim of breach of duty by Amazon.

Amazon argues that "Plaintiff alleges no facts establishing that Amazon knew or should have known about any [heater] design flaw. [ECF 7, p.5] Amazon contends that Legal Aid's failure to allege the date of the consumer complaint which provided notice to Amazon that the heater was a combustion risk, means Legal Aid's claim of negligence based on breach of duty, must be dismissed. [ECF 7, p.6] Amazon is incorrect.

As set forth above, the alleged fact that Amazon knew or should have known of the heater's combustion risk from consumer complaints must be taken as true for purposes of this motion. *Schmedding v. Tnemec Co., Inc*., 187 F.3d 862, 864 (8th Cir.1999). The actual date of the complaint does not have to be alleged because "it is not necessary to plead every fact

with formalistic particularity." *BJC Health Sys. v. Columbia Cas. Co.*, 348 F.3d 685, 688 (8th Cir.2003).

It is also disingenuous for Amazon to fault Legal Aid for failing to provide details about consumer complaints on its website when it has control over this evidence and apparently has taken down the page which contains such complaints. [Brewer Affidavit ¶3]

Further, it is alleged in the Complaint that Amazon stated on its website that the heater had "overheat protection" and a "plastic housing which stays room temperature to the touch" which suggests that Amazon was aware that this type of heater posed combustion risks but it was trying to assure customers that such risks did not exist in this particular brand of heater (even though such representation was in fact wrong.) [ECF 1 ¶13]

Accordingly, Amazon's motion should be denied.

### (2) Plaintiff pled sufficient facts to support a claim of breach of duty to warn by Amazon.

Amazon argues that "Plaintiff alleges no facts that Amazon knew or should have known of a [heater] defect at the time of sale. [ECF 7, p.7] Amazon contends that "unknown and undated customer reviews" cannot support a warning claim. [Id] Amazon is again incorrect. For the same reasons as set forth above, the allegation of consumer complaints was sufficient to support the claim.

Furthermore, the allegation that Amazon stated that the heater had "overheat protection" and a "plastic housing which stays room temperature to the touch" [ECF 1 ¶13] means that Amazon knew or should have known whether this heater posed a combustion risk

7

since it was representing to consumers that it did not.

Thus, for this reason also, Amazon's motion should be denied.

### (3) Plaintiff pled sufficient facts to support a claim of breach of warranties by Amazon.

Amazon argues that Legal Aid's warranty claims must be dismissed because Legal Aid failed to allege four things: 1 -- the elements of such claims, 2 -- a specific express warranty, 3 -- that Amazon was a seller, and 4 -- a "particular purpose" of the heater. [ECF 7, p.8-9]  Each of these arguments fail.

First, Legal Aid is not required to allege the elements of each claim in a complaint. *Schmedding v. Tnemec Co., Inc*., 187 F.3d 862, 864 (8th Cir.1999) (*"Nor should a complaint be dismissed merely because it does not state with precision all elements that give rise to a legal basis for recovery.*) Indeed, while Amazon has cited authority stating what elements must be proved at trial for a particular claim, it has not cited any case law which requires the same in a complaint.

Second, an express warranty is "a promise about the character of an item made by a seller…" [Blacks Law Dictionary] Legal Aid alleged that Amazon specifically promised that the heater had "overheat protection" and a "plastic housing which stays room temperature to the touch" [ECF 1 ¶13]

Third, Amazon states that "this motion does not involve the question whether Amazon is a seller or has any duties that flow from seller status." [ECF 7, p.4] Yet, Amazon argues that Plaintiff failed to allege the warranty element that Amazon was a seller of the heater.

[ECF 7, p.8] Regardless of this inconsistency, Legal Aid did allege that Amazon was a seller in paragraphs: 8, 9, 10, 18 and 24 of the Complaint. [ECF 1] Amazon also cites several cases where it was found not to be a seller of goods. [ECF 7 p. 4, 8-9] Amazon failed, however, to cite two recent cases where it was in fact found to be a seller of goods. *Oberdorf v. Amazon.com Inc.*, 930 F.3d 136, Prod. Liab. Rep. (CCH) P 20652 (3d Cir. 2019), reh'g en banc granted, opinion vacated, 2019 WL 3979586 (3d Cir. 2019); *State Farm Fire and Casualty Company v. Amazon.com, Inc.*, 390 F.Supp.3d 964 (W.D.Wis., 2019)

Fourth, the particular purpose of this product was not just to provide heat but to provide heat safely because this heater was being used in a commercial office setting, and as alleged as stated by Amazon on its website, had "overheat protection" and a "plastic housing which stays room temperature to the touch." [ECF 1 ¶3, 4, 7, 13]

Accordingly, for these reasons Amazon's motion should be denied.

## **CONCLUSION**

Legal Aid's Complaint alleged sufficient facts to support the claims therein under the Federal standard of notice pleading. As such, Amazon's motion should be denied.

Alternatively, should the Court find any part of the Complaint insufficient, Legal Aid suggests that the appropriate remedy is amendment not dismissal.

Dated: November 22, 2019

**YOST & BAILL, L.L.P.**
By: s/ Steven Theesfeld
Steven L. Theesfeld (#24635)
Attorney for Plaintiff
2050 US Bank Plaza South
220 South Sixth Street
Minneapolis, MN
(612) 338-6000
stheesfeld@yostbaill.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 22nd day of November, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which sent notification of such filing to all CM/ECF participants.

s/Steven L. Theesfeld

10