IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEBRASKA

| | |
|---|---|
| LEGAL AID OF NEBRASKA, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHAINA WHOLESALE, INC., d/b/a DELUXE IMPORT and AMAZON, INC., <br><br> Defendants. | CASE NO. 4:19-cv-3103-CRZ |

**DEFENDANT AMAZON.COM, INC.'S REPLY BRIEF IN SUPPORT
OF MOTION TO DISMISS UNDER RULE 12(b)(6)**

**A.    Introduction**

Plaintiff's opposition rests on multiple flawed premises. It advocates a deference to bare allegations in the Complaint that the Supreme Court has rejected; it assumes that a description of a product's protective features are an admission of defect; it relies on an affidavit and a page from a website that are not part of the Complaint and not properly considered when analyzing a motion to dismiss; and it presupposes that a reference on that website page to "melting"—but that nowhere mentions fire—shows knowledge that the product would cause a fire. Applying the proper legal standard to the allegations in the Complaint, Plaintiff's claims against Amazon do not state a claim upon which relief can be granted.

**B.    Argument**

Plaintiff's opposition does not cure the defects in its Complaint, either as a matter of procedure or substance.

*First*, Plaintiff misstates the legal standard. It cites (at 5-6) older Eighth Circuit cases for the now-discredited propositions that all allegations are taken as true and that the Complaint need not allege facts showing that the elements of the claims are met. But *BJC Health Systems* and *Schmedding* were decided before the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). As Amazon explained in its

1

motion (at 3-4), these cases require "more than labels and conclusions"; a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *McShane Constr. Co. v. Gotham Ins. Co.*, 867 F.3d 923, 927 (8th Cir. 2017) (quoting *Iqbal*).

*Second*, the allegations in the Complaint stop "short of the line between possibility and plausibility." *Iqbal*, 556 U.S. at 678. For its negligence claims, Plaintiff points to (at 7) statements on Amazon.com that the heater had "overheat protection" and a "plastic housing which stays room temperature to the touch." In Plaintiff's view, these descriptions of the product "suggest[] that Amazon was aware that this type of heater posed combustion risks but it was trying to assure customers that such risks did not exist in this particular brand of heater …." (Opp. at 7-8.)

Plaintiff's interpretation is far-fetched and implausible. It treats a description of a product's protective features as an admission of defect, which is not the case. Describing a car as having airbags or a phone has having overcharge protection does not indicate that their manufacturers think these products are defective. Moreover, Plaintiff does not actually allege that Amazon authored the product descriptions. It simply alleges that they were on the "Amazon website." (ECF No. 1 ¶ 13.) Plaintiff's theory is that Amazon "implicitly represented" that the heater "was safe by listing it for sale on its website"—not that Amazon sold the product or made express representations about it. (*Id.* ¶ 10.)

As for the warranty claims, neither Plaintiff's Complaint nor opposition brief offers any facts showing that Amazon issued an express warranty or was subject to an implied warranty. Plaintiff cites (at 9) a vacated Third Circuit opinion and an opinion from the Western District of Wisconsin, neither of which involved the question whether Amazon issued a warranty. It also cites (at 8) the same product descriptions noted above and cited in paragraph 13 of the Complaint, but that paragraph nowhere alleges that Amazon (as opposed to a third-party seller) authored them.

Plaintiff's own pleading indicates that co-defendant Chaina was the seller. The Complaint alleges that Chaina is a "corporation engaged … in the business of distributing and/or selling DLux Infrared Quartz Space Heaters" and "sold" the heater "through Amazon.com." (ECF No. 1 ¶¶ 5,

2

7.) It alleges that "the fire was caused by the DLUx Infrared Quartz Space Heater sold by Chaina through Amazon.com." (*Id.* ¶ 15.) Chaina, not Amazon, would be subject to an implied warranty. *See McDonald v. LG Elec. USA, Inc.*, 219 F. Supp. 3d 533, 542 (D. Md. 2016) (dismissing implied warranty claims against Amazon because allowing third-party sellers to sell products on its website "does not qualify it as a merchant or a seller under Maryland's UCC"). Further, Plaintiff nowhere alleges that Amazon is a merchant with respect to space heaters, which is required for an implied warranty of merchantability. *See Laird v. Scribner Coop, Inc.*, 466 N.W.2d 798, 804 (Neb. 1991); Neb. Stat. UCC § 2-314. And "provid[ing] heat safely" (opp. at 9) is the ordinary purpose of a space heater, not a particular purpose that can support an implied warranty of fitness. *See Stones v. Sears, Roebuck & Co.*, 558 N.W.2d 540, 547 (Neb. 1997) (a "particular purpose differs from the ordinary purpose for which the goods are used" and is "a specific use by the buyer which is peculiar to the nature of his or her business").

*Third*, Plaintiff seems to recognize that its Complaint falls short by attempting to shore it up with an affidavit and one-page printout from a website. (ECF No. 13-1.) But the Court "assess[es] plausibility considering only the materials that are necessarily embraced by the pleadings and exhibits attached to the complaint." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (internal quotation marks omitted). The Court "generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Ashford v. Douglas Cty.*, 880 F.3d 990, 992 (8th Cir. 2018).

The affidavit and attachment are not part of the Complaint, nor necessarily embraced by it. The Court therefore should exclude them from consideration.

*Fourth*, even if the Court considered these documents, their contents do not push Plaintiff over the line of plausibility. Determining "whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McShane*, 867 F.3d at 927-28 (quoting *Iqbal*; internal quotation marks and ellipses omitted).

3

Read in context, the customer review does not support an inference that Amazon knew or should have known that the product could cause a fire. It says "melting" and that the product is "unusable." (ECF No. 13-1 at 2.) It does not say what melted, so there is no way to know if it was an important part or to infer what temperature was reached. It nowhere mentions fire. Plaintiff has not identified a single fire allegedly caused by the product.

Plaintiff also misleadingly states (at 5) that Amazon "verified" this complaint. In actuality, "verified purchase" simply means that Amazon "verified that the person writing the review purchased the product at Amazon and didn't receive the product at a deep discount"—as a quick look at Amazon's website reveals. *See* https://www.amazon.com/gp/help/customer/display.html/ref=hp_20079100_verifiedreviews?nodeId=201145140 (last visited Nov. 27, 2019). Nothing in the document suggests that Amazon verified, agreed with, or even knew about the complaint. There are millions of customer reviews on Amazon.com. The fact that one of them mentions melting, while offering zero context and not mentioning fire, does not mean that Amazon knew or should have known that the product that Legal Aid bought would cause a fire.

**C.     Conclusion**

Plaintiff's Complaint does not state a claim against Amazon upon which relief can be granted, nor has Plaintiff proposed a pleading that could fix these defects. Accordingly, dismissal of the complaint with prejudice is appropriate.

5

Dated November 29, 2019.    AMAZON, INC., Defendant

By: /s/ *J. Daniel Weidner*

    J. Daniel Weidner, #23738
    John V. Matson, ##25278
    KOLEY JESSEN P.C., L.L.O.
    One Pacific Place, Suite 800
    1125 South 103rd Street
    Omaha, NE 68124-1079
    (402) 390-9500; (402) 390-9005 (facsimile)
    Daniel.Weidner@koleyjessen.com
    John.Matson@koleyjessen.com

*Attorneys for Defendant Amazon, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 29th day of November, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which sent notification of such filing to all CM/ECF participants.

*J. Daniel Weidner*
J. Daniel Weidner