IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LEGAL AID OF NEBRASKA, INC., | |
| Plaintiff, | 4:19-CV-3103 |
| vs. | |
| CHAINA WHOLESALE, INC., d/b/a DELUXE IMPORT and AMAZON.COM, INC., | MEMORANDUM AND ORDER |
| Defendants. | |

The plaintiff's complaint alleges products liability claims premised on theories of negligence, failure to warn, and breach of warranty regarding an infrared quartz space heater sold by defendant Chaina Wholesale, Inc., by and through defendant Amazon.com, Inc's website. Filing 1. Defendant Amazon.com moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) arguing that the plaintiff failed to state a claim upon which relief can be granted regarding all asserted theories. Filing 6. For the reasons that follow, the Court will grant in part and deny in part Amazon.com's motion.

## I. STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but it demands more than an unadorned accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must provide more than labels and conclusions; and a formulaic recitation of the elements of a cause of action will not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A complaint must also contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Iqbal,* 556 U.S. at 678. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief. *Id.* at 679.

In assessing a motion to dismiss, a court must take all the factual allegations in the complaint as true, but is not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly,* 550 U.S. at 555. The facts alleged must raise a reasonable expectation that discovery will reveal evidence to substantiate the necessary elements of the plaintiff's claim. *See id.* at 545. The court must assume the truth of the plaintiff's factual allegations, and a well-pleaded complaint may proceed, even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely. *Id.* at 556.

A motion to dismiss under Rule 12(b)(6) tests only the sufficiency of the allegations in the complaint, not the sufficiency of the evidence alleged in support of those allegations. *Stamm v. Cty. of Cheyenne, Neb.,* 326 F. Supp. 3d 832, 847 (D. Neb. 2018); *Harrington v. Hall Cty. Bd. of Supervisors,* No. 4:15-CV-3052, 2016 WL 1274534, at *4 (D. Neb. Mar. 31, 2016).

## II. BACKGROUND

The plaintiff is a domestic non-profit located in Omaha, Nebraska, and provides legal services to disadvantaged individuals. Filing 1 at 1. Defendant Chaina Wholesale, Inc. is a foreign corporation, incorporated in California, and for the purposes of this matter, is engaged in the business of selling or distributing DLux Infrared Quartz Space Heaters. Filing 1 at 1-2. The space

heater's manufacturer is alleged to be a Chinese company not subject to service in the state of Nebraska. Filing 1 at 3. Defendant Amazon.com, Inc. is a Delaware corporation with its principal place of business in Seattle, Washington. Filing 1 at 2. The plaintiff alleged that on September 23, 2016, it purchased one of Chaina's DLux Infrared Quartz Space Heaters by and through Amazon.com, and that the space heater was delivered to the plaintiff's place of business in packaging bearing Amazon.com's logo. On or about February 19, 2018, a fire broke out in the plaintiff's leased suite. Filing 1 at 3. The cause of the fire was the DLux Infrared Quartz Space Heater. *Id*. The fire resulted in damages exceeding $783,000.00. Filing 1 at 4.

The plaintiff alleged that Amazon.com "implicitly represented" that the Chaina space heater was safe by listing it on its website where thousands of other items are sold, including Amazon products, and where there exists a procedure for returns. Filing 1 at 2. Amazon.com, according to the plaintiff, affirmatively represented that Chaina's space heater had "overheat protection" and a "plastic housing which stays room temperature to the touch." Filing 1 at 3. Further, Amazon.com "promoted" the space heaters, thus implying that the representations regarding the space heater's quality and safety features are Amazon.com's statements. Filing 1 at 4.

The plaintiff alleged that Amazon.com's affirmative representations were materially false. Testing of Chaina's space heater showed that there was no overheat protection, and no temperature limiting controls such as a thermal cut-out or high-limit thermostat. Testing also revealed that the enclosure construction was inadequate, and the plastic housing would not remain at room temperature during use. *Id.* The plaintiff alleged that Chaina and Amazon.com knew or should have known that the space heater was dangerous,

not only because of the product's design flaws, but because of consumer complaints and media reports. Filing 1 at 6.

The plaintiff alleged that Amazon.com played a direct role in the sale and distribution of the space heater. Amazon.com receives a promise of indemnification, and collects fees (which it sets) for the use of its distribution website from vendors such as Chaina, and other importers and China-based manufacturers. Filing 1 at 2. Further, Amazon.com reserves the right to refuse to sell any such products. The plaintiff alleged that Amazon.com had a duty to exercise reasonable care in the sale and distribution of the space heater, but instead promoted, sold and distributed the space heater in a defective condition. Filing 1 at 4-5. According to the plaintiff, Amazon.com, as the promoter, seller and distributor of the space heater, had a duty to warn users of the space heater's inherent risks. Filing 1 at 5. Finally, the plaintiff alleged that Amazon.com's conduct breached an express warranty, and also breached implied warranties of fitness and merchantability. Filing 1 at 5-6.

## III. DISCUSSION

### 1. NEGLIGENCE

To prevail in a negligence action in Nebraska, a plaintiff must establish the defendant's duty to protect the plaintiff from injury, the failure to discharge that duty, and damages proximately caused by such failure. *Stahlecker v. Ford Motor Co.,* 667 N.W.2d 244, 252-53 (Neb. 2003). A complaint alleging negligence on the part of a supplier of a particular item need only plead facts showing evidence of duty, breach, causation and damages. *See Hilt Truck Line, Inc. v. Pullman, Inc.*, 382 N.W.2d 310, 313 (Neb. 1986). In a products liability action predicated on negligence, the issue is whether the defendant's conduct was reasonable in view of the foreseeable risk of injury. *Kudlacek v. Fiat S.p.A.,* 509 N.W.2d 603, 610 (Neb. 1994).

Amazon.com argues that the plaintiff failed to plead facts showing a breach of duty. Absent were facts showing Amazon.com knew or should have known about the space heater's design flaws. Filing 7 at 5-6. Further, the plaintiff's "information and belief" is not a sufficient factual predicate for the allegation that Amazon.com knew about consumer complaints and media reports. There is also no specific allegation that Amazon.com knew about complaints or reports prior to the plaintiff's purchase of the space heater. Filing 7 at 6.

The plaintiff argues that it is not necessary to plead every fact with formalistic particularity. Filing 13 at 7. The Court agrees with the plaintiff. A motion to dismiss need only plead enough facts to state a facially plausible claim for relief. *Twombly*, 550 U.S. at 570. Facial plausibility only requires factual allegations from which this Court may draw a reasonable inference that Amazon.com may be liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. Specific facts are not necessary to state a facially plausible claim. The plaintiff's complaint need only give Amazon.com fair notice of what the plaintiff's claim is and the grounds upon which it rests. *L.L. Nelson Enterprises, Inc., v. County of St. Louis, Mo.*, 673 F.3d 799, 805 (8th Cir. 2012).

The plaintiff alleged that Amazon.com affirmatively represented that the DLux Infrared Quartz Space Heater had overheat protection and a plastic housing, which, during use, remained at room temperature to the touch. But according to the plaintiff, neither representation was true. Filing 1 at 3. These factual allegations allow the Court to reasonably infer that Amazon.com was negligent in falsely representing the safety of the space heater, either because it did not conduct an inspection to verify its representations, or it decided to publish its representations after an inspection, at which time Amazon.com should have known that its representations were not accurate. In either case,

the representations regarding the space heater's safety would be unreasonable in view of the foreseeable risk of injury from overheating. *See, Kudlacek,* 509 N.W.2d at 610.

The allegation regarding consumer complaints and media reports is also sufficient for this Court to reasonably infer Amazon.com's knowledge of the risks posed by the DLux Infrared Quartz Space Heater. Certainly, Amazon.com would have access to the information on its website such that it would have fair notice of the plaintiff's claim.[1] Amazon.com's contention that the plaintiff's information and belief is insufficient fails to recognize that the notice pleading standard relies on liberal discovery rules and motions for summary judgment to identify and define disputed facts. *Swierkiewicz v. Zorema N.A.,* 534 U.S. 506, 512 (2002). A motion to dismiss tests the sufficiency of the allegations in the complaint, not the sufficiency of the evidence alleged in support of those allegations. *Stamm,* 326 F. Supp. 3d at 847.

The Court finds that the plaintiff has sufficiently set forth factual allegations giving Amazon.com fair notice of what the plaintiff's claims are and the grounds upon which the claims rest. The factual allegations in the complaint also gives rise to a reasonable inference that Amazon.com knew or should have known of the design flaws and hazardous condition of the DLux

---

[1] When deciding a motion to dismiss under Rule 12(b)(6), the Court is normally limited to considering the facts alleged in the complaint. Attached to the plaintiff's brief was an affidavit and purported copy of customer reviews of the DLux Infrared Quartz Space Heater published on Amazon.com. Filing 13-1. One review, dated December 31, 2015, reported that the space heater was dangerous due to overheating. Filing 13-1 at 2. The plaintiff alleged that its space heater was purchased on September 16, 2016. Filing 1 at 2. Notwithstanding, the plaintiff's affidavit and attachment were not considered by the Court when deciding Amazon.com's motion.

Infrared Quartz Space Heater distributed through its website. The Court finds that the plaintiff has alleged facts showing a plausible product liability claim premised on negligence.

## 2. DUTY TO WARN

Amazon.com argues that the plaintiff's duty to warn claim is based only on the existence of a defective product, and as such, is a strict liability claim that may only be brought against a manufacturer. *See* Neb. Rev. Stat. § 25-21,181. The premise to Amazon.com's argument is that the principles underlying a strict liability failure to warn action are distinct from the principles on which a negligence failure to warn claim is based. The Court disagrees. The legal principles in strict liability and negligence product liability actions are the same with respect to the duty to give warnings. *Crook v Farmland Ind., Inc.,* 54 F. Supp. 2d 947, 957 (D. Neb. 1999).

Additionally, Amazon.com asserts the same lack-of-knowledge argument with respect to its duty to warn that was asserted regarding the plaintiff's negligence claim. Amazon.com argues that the plaintiff did not allege facts showing that it knew or should have known of a defect in the space heater at the time of the sale to the plaintiff. Filing 7 at 7. A seller or manufacturer is subject to liability for the failure to warn, or adequately warn, of risks or hazards inherent in the way a product is designed that are related to intended and reasonably foreseeable uses of the product. *Freeman v. Hoffman-La Roche, Inc.,* 618 N.W.2d 827, 841 (Neb. 2000). It is fundamental that a supplier of a product has a duty to warn of dangers of which it knows or should know, where the user is not likely to discover or realize the danger. *See Crooks,* 54 F. Supp. 2d at 958.

Here, the plaintiff's complaint does not merely make a bare assertion that Amazon.com knew or should have known about the defects in the space heater it was distributing. The plaintiff alleged facts indicating the DLux Infrared Quartz Space Heater was unsafe in normal use. Specifically, the plaintiff alleged that the space heater did not meet minimum design requirements that would allow it to operate safely, that testing revealed the space heater did not have overheat protection, and testing showed its enclosure did not prevent the space heater from reaching temperatures greater than room temperature. Filing 1 at 3.

It is plausible to infer that Amazon.com knew the space heater was unsafe without overheat protection because of the affirmative representations on the website that the space heaters had overheat protection and that the housing stayed at room temperature to the touch during use. The plaintiff's allegation regarding consumer complaints and media reviews, at a minimum, showed Amazon.com constructive knowledge of the space heater's inherent defective design and condition—that it would overheat in normal use—as well as its incorrect claims regarding product safety. Filing 1 at 4.

The plaintiff has sufficiently alleged facts showing Amazon.com's constructive or actual knowledge of the space heater's unsafe condition, which gives rise to Amazon.com's duty to warn of risks or hazards inherent in the space heater's design and condition related to the space heater's intended and reasonably foreseeable use. Amazon.com's argument that the plaintiff's allegations are insufficient because the plaintiff does not state that the media reports and consumer complaints were made prior to the plaintiff's purchase, speaks to the sufficiency of the evidence in support of the allegations, not the sufficiency of the allegations in the complaint. *See, Stamm,* 326 F. Supp. 3d at 847.

## 3. BREACH OF WARRANTIES

The complaint alleged that Amazon.com breached an express warranty, and implied warranties of merchantability and fitness. Filing 1 at 5-6. Regarding the express warranty claim, Amazon.com argues that the plaintiff did not identify an express warranty in its complaint. Filing 7 at 10. However, it is unnecessary for a seller to use any formal words such as "warrant" or "guarantee" to create an express warranty. Neb. Rev. Stat. U.C.C. 2-313(2). "Any description of the goods [by a seller] which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." § 2-313(1)(b). A seller is "a person who sells or contract to sell goods." Neb. Rev. Stat. U.C.C. § 2-103(1)(d).

The plaintiff alleged that it contracted with Amazon.com to purchase the DLux Infrared Quartz Space Heater, which Amazon.com promoted as having overheat protection and a plastic housing that stayed at room temperature. Filing 1 at 3. Lab testing indicated that both descriptions of the space heater were not correct. *Id.* The plaintiff sufficiently alleged facts plausibly showing that Amazon.com created an express warranty that the space heater it contracted to sell to the plaintiff would conform to the description promoted by Amazon.com, but testing showed that it did not.

Regarding an implied warranty of merchantability, Amazon.com argues that merchantability warranties apply to merchants, and there are no facts alleged in the complaint showing that it is a merchant. A merchant is one who deals in good of the kind involved in the transaction, or otherwise by occupation holds itself out as having knowledge of the goods involved in the transaction. Neb. Rev. Stat. U.C.C. § 2-104(1); *Nordhues v. Maulsby,* 815 N.W.2d 175, 187 (Neb. App. 2012). Amazon.com is not someone in the neighborhood holding a garage sale. It deals in goods of all kinds, including space heaters, and by the

representations made in promoting the DLux Infrared Quartz Space Heater,[2] held itself out as having knowledge of the goods involved in the transaction.

"Unless excluded or modified, a warranty that goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Neb. Rev. Stat. U.C.C. § 2-314(1). As it pertains to this motion, merchantable goods are goods that pass without objection in the trade under the contract description, and are at least fit for the ordinary purposes for which such goods are used. § 2-314(2). The allegations regarding Amazon.com's description of the space heater plausibly show that the space heater was a good that would pass without objection in the trade. But a space heater that under normal use causes a fire, is not a good fit for the ordinary purposes for which it would be used. The allegations in the plaintiff's complaint are sufficient to include Amazon.com within the legal definition of a merchant, and sufficient to plausibly show that Amazon.com breached an implied warranty of merchantability.

Finally, the plaintiff alleged that Amazon.com breached an implied warranty of fitness. Filing 1 at 5-6. The Court understands the plaintiff's claim as a breach of an implied warranty of fitness for a particular purpose pursuant to Neb. Rev. Stat. U.C.C. § 2-315. An implied warranty of fitness for a particular purpose arises where the seller, at the time of contracting, has reason to know of a particular purpose for the goods being purchased, and that the buyer is relying on the seller's skill or judgment to select suitable goods. *Id.*

---

[2] Again assuming, as the Court must for this motion to dismiss, that the representations alleged in the complaint regarding the design, construction and safety of the space heater are true and can be attributed to Amazon.com.

Amazon.com argues that there are no factual allegations in the complaint showing that the plaintiff communicated that it had a particular purpose for its purchase. The Court agrees, and also observes that there are no facts alleged that the plaintiff relied on Amazon.com's skill or judgment to select a suitable space heater or that Amazon.com had reason to know that the plaintiff was relying on its skill or judgment. *See Stones v. Sears, Roebuck & Co.*, 558 N.W.2d 540, 547 (Neb. 1997). The Court finds that the plaintiff's complaint fails to state a claim upon which relief can be granted regarding breach of an implied warranty of fitness for a particular purpose.

IT IS ORDERED:

1. Amazon.com's motion to dismiss (filing 6) is granted in part and in part denied.

2. The plaintiff's claim for breach of an implied warranty of fitness for a particular purpose is dismissed.

3. The plaintiff's remaining claims are referred to the Magistrate Judge for case progression.

Dated this 3rd day of January 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge

11