EXHIBIT A
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

___

| Legal Aid of Nebraska, Inc. | ) | Case No. 4:19-cv-03103-CRZ |
|---|---|---|
| | ) | Honorable Cheryl R. Zwart |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **AMENDED COMPLAINT AND** |
| | ) | **DEMAND FOR JURY TRIAL** |
| Chaina Wholesale, Inc., d/b/a | ) | |
| Deluxe Import, | ) | |
| Amazon.com, Inc. and Hartland | ) | |
| Cleaning Services and Associates, | ) | |
| | ) | |
| Defendants. | ) | |

___

NOW COMES Plaintiff Legal Aid of Nebraska, by and through its counsel YOST & BAILL, LLP, and for its Amended Complaint, states as follows:

## JURISDICTION & VENUE

1. Jurisdiction is founded upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

2. Venue is proper within this jurisdiction pursuant to 28 U.S.C. § 122 because the situs of the incident occurred in Lancaster County, Nebraska.

## PARTIES

3. That Plaintiff Legal Aid of Nebraska Inc., (hereinafter "Legal Aid"). is a domestic non-profit, with its headquarters and principal place of business in Omaha, NE and which is engaged in the business of providing legal service to the poor.

4. At all times relevant, Legal Aid leased a suite in the office building located at 941 O Street, Lincoln, Nebraska.

5.      Upon information and belief, Defendant Chaina Wholesale, Inc. d/b/a Deluxe Import (hereinafter "Chaina") with its place of incorporation in California, is a foreign corporation engaged, among other things, in the business of distributing and/or selling DLux Infrared Quartz Space Heaters with its agent for service of process according to the California Secretary of State as Sheila Darvish, 21352 Nordhoff Street, Suite 105, Chatsworth, CA 91311.

6.      Defendant, Amazon.com, Inc. ("Amazon"), is a Delaware corporation with its principal place of business located at 410 Terry Avenue North, Seattle, Washington.  Its registered agent for service of process in the State of Washington is Corporation Service Company, 300 Deschutes Way SW, Suite 304, Tumwater, Washington.

7.      Defendant Hartland Cleaning Services and Associates ("Hartland") is an unincorporated business engaged in commercial cleaning services with its place of business as 5100 N. 57th Street, Lincoln, NE 68507.

## ALLEGATIONS

8.      That on or about September 23, 2016, Legal Aid purchased a DLux Infrared Quartz Space Heater being sold by Chaina through Amazon.com based upon the promotion of the product on Amazon's website.

9.      Upon information and belief, Amazon played a direct role in the sales and distribution of the DLux Infrared Quartz Space Heater receiving a promise of indemnification and vendor fees from Chaina in exchange for its distribution of the DLux Infrared Quartz Space Heater -- Amazon specifically setting such fees to allow China-based manufacturers and importers to sell goods in the US.

10. Upon information and belief, Amazon, as part of its agreement with Chiana, required Chaina's products for sale to be registered and Amazon reserved the right to refuse to sell any such products.

11. Amazon implicitly represented that the DLux Infrared Quartz Space Heater was safe by listing it for sale on its website where thousands of other products were sold – including Amazon's own products and upon information and belief providing a process for returns.

12. That the DLux Infrared Quartz Space Heater arrived at Legal Aid's place of business in a box bearing the Amazon logo.

13. Upon information and belief, the manufacturer and original seller of the DLux Infrared Quartz Space Heater is a Chinese company not subject to service in the state of Nebraska.

14. That the Dlux Infrared Quarts Space Heater distributed and sold by Chaina through Amazon.com did not meet minimum design requirements that would allow the heater to operate safely. Despite the Amazon website stating that the Dlux Infrared Quarts Space Heater had "overheat protection" and a "plastic housing which stays room temperature to the touch" these statements were incorrect. Lab testing found that the Dlux Infrared Quarts Space Heater had no overheat protection and its plastic housing did not remain at room temperature during the Space Heater's operation. Specifically, it was found that the Space Heater's enclosure construction was not adequate, the Space Heater reached temperatures which damaged the materials of the Space Heater, and it contained no temperature limiting controls such as a thermal cut-out or a high limit thermostat in the heater circuit. Additionally, no warnings were present on the Space Heater housing or

line cord or anywhere on the Amazon website or anywhere else, regarding the Space Heater's operation and attendant risks.

17. That upon information and belief, the owner of the building contracted with Hartland for cleaning services for common areas and the space rented by Legal Aid.

18. That when Hartland performed its cleaning services, it would enter the offices of Legal Aid, including the office where the space heater was located.

19. That upon information and belief, during the evening of February 18, 2020, one or more of Hartland's employees entered the office where the space heater had been left unplugged by the Legal Aid employee that utilized that office.

20. That upon information and belief, employees of Hartland were the only individuals who entered that office where the space heater was after the Legal Aid employee left on February 16, 2020.

21. That upon information and belief, the Legal Aid employee left the space heater unplugged. If the heater had been plugged in, then an employee or agent of Hartland must have plugged the space heater in at some point on February 18, 2020 and left the heater plugged in when the employee left the Legal Aid office.

22. That on or about February 19, 2018, a fire occurred in the office suite leased by Legal Aid.

23. That the fire was caused by the DLux Infrared Quartz Space Heater sold by Chaina through Amazon.com.

24. That as a result of the aforementioned event, Legal Aid incurred damages in excess of $909,444.65.

## COUNT ONE – NEGLIGENCE

25. Legal Aid realleges paragraphs 1 through 24, as set forth hereinabove.

26. That at all times herein, Chaina and Amazon had a duty to exercise reasonable care in the selling and/or distribution of the space heater, but failed to fulfill such duty and through said negligence in selling and/or distributing the space heater, the space heater was rendered defective, which negligence was a direct and proximate cause of the fire and damages described herein.

27. Chiana distributed and sold the DLux Infrared Quartz Space Heater and Amazon promoted, sold, and distributed the Space Heater in a defective condition unreasonably dangerous to the consumer and Legal Aid, because the heater was defectively designed such that under normal circumstances the heater's quartz element would cause the nearby housing to melt and combust in the area around the reflector and front gate and the heater lacked any temperature or thermal safety device to prevent resulting combustion. The heater was expected to and did reach the ultimate consumer without substantial change in the condition in which it was sold.

28. This defective condition caused the DLux Infrared Quartz Space Heater to have a propensity for causing physical harm beyond that which would be contemplated by an ordinary user consumer such as by Legal Aid.

29. Chaina and Amazon knew or should have known of the dangerous quality and combustion risk propensities of the DLux Infrared Quarts Space Heater given the above design flaws and, upon information and belief, consumer complaints and media reports.

30. As a result, Chiana's and Amazon's conduct in selling and/or distributing such heater was unreasonable in view of the foreseeable risk of fire and injury and that without

such negligence the damage alleged herein would not have occurred as such damage was the natural and probable result of such negligence. There being no intervening cause, Chaina and Amazon proximately caused the aforementioned damages incurred by Legal Aid in excess of $909,444.65.

**COUNT TWO - FAILURE TO WARN**

31.    Legal Aid realleges paragraphs 1 through 30, as set forth hereinabove.

32.    That at all times herein, Chiana as distributor and seller, and Amazon as promoter, seller, and distributor of the DLux Infrared Quarts Space Heater, both had a duty to adequately warn users and Legal Aid of the risks set forth above inherent in the way the heater was designed and the dangers posed by its use.

33.    Chaina and Amazon inadequately failed to provide Legal Aid with reasonable warnings of defects and/or fire hazards associated with the use of the heater. As a result, the heater was rendered unreasonably dangerous and posed a risk of harm beyond that which would be contemplated by the ordinary foreseeable user Legal Aid, and this was a direct and proximate cause of the fire and damages described hereinabove in excess of $909,444.65.

**COUNT THREE - BREACH OF WARRANTIES**

34.    Legal Aid realleges paragraphs 1 through 33, as set forth hereinabove.

35.    Chaina and Amazon expressly or impliedly warranted the fitness and merchantability of the DLux Infrared Quarts Space Heater described herein.

36.    Chaina and Amazon breached the aforementioned express or implied warranties of fitness and merchantability and said breach of warranties were a direct and proximate cause of the fire and resulting damages to Legal Aid described hereinabove.

37. That as a result of the aforementioned event, Legal Aid incurred damages in excess of $909,444.65.

## COUNT FOUR – NEGLIGENCE – HARTLAND

38. Legal Aid realleges paragraphs 1 through 37, as set forth hereinabove.

39. At all times relevant, Hartland had a duty to take reasonable care in performing cleaning services and while occupying Legal Aid's leased space.

40. If the space heater was plugged in, then Hartland or its employees and/or agents breached this duty by negligently plugging in and turning on the space heater in the course of performing its cleaning services and failed to turn off and unplug the heater when it exited the office space which led to the fire.

41. As a result, Hartland proximately caused the aforementioned damages incurred by Legal Aid in excess of $909,444.65.

WHEREFORE, Legal Aid prays for judgment jointly and severally against Chaina and Amazon in an amount in excess of $909,444.65, together with prejudgment interest thereon, costs and disbursements herein, and for such other and further relief as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES HEREIN**

Dated: November 30, 2021        YOST & BAILL, LLP

s/Steven L. Theesfeld
Steven L. Theesfeld (No. 24635)
220 S. 6th Street, Suite 2050
Minneapolis, MN 55402
Tel 612-338-6000
stheesfeld@yostbaill.com